Gibson, J.,
dissenting. Section 6 of Rule XXVII of this court provides that each attorney and counselor at law or judge found guilty of misconduct shall be disciplined. Section 5 of of the same rule states that “the commission or conviction of a crime involving moral turpitude” is misconduct. The question in this case then is whether the crime for which the respondent was convicted involved moral turpitude.
As stated in the facts, the respondent failed to file federal income tax returns for the years 1955, 1958 and 1959. He was charged and convicted in each case of violating Section 7203, Title 26, U. S. Code, which provides:
“Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return * * * who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall * # # be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.” (Emphasis added.)
*548 As might reasonably be expected, state courts have reached different answers as to whether a failure to make a federal income tax return is an offense involving moral turpitude. See annotation, 59 A. L. R. (2d), 1398. One of the reasons for the different conclusions reached by courts is the difficulty of defining “moral turpitude”. See Cincinnati Bar Association v. Massengale (1961), 171 Ohio St., 442; Words and Phrases, under the heading, “Moral Turpitude”. It certainly means something extremely bad since turpitude is derived from the Latin word, “turpis,” meaning vile. In re McBride (1956), 164 Ohio St., 419, 425. The Oxford English Dictionary defines ‘‘ turpitude ’’ as “base or shameful character; baseness, vileness; depravity, wickedness.” Not all crimes involve moral turpitude. See In re Jacoby (1943), 74 Ohio App., 147, 155. But as a general rule it could reasonably be said that those crimes classed as mala in se, e. g., murder, rape, robbery, larceny, burglary, involve moral turpitude. The real area of difficulty lies where the act or omission is criminal only because ordered or prohibited by statute.
The mere fact that a person acts so as to violate the positive statutory law does not necessarily mean that the conduct is base or vile. Today, as always, we live in a time when men have deliberately acted contrary to statutory law and yet no reasonable person would deem every such action infected with moral turpitude. See the article by Professor Charles Frankel entitled, “Is It Ever Right to Break the Law?”, in the New York Times Magazine, January 12, 1964, page 17.
There is nothing inherently good or bad about filing or not filing an income tax return. Only within the last 50 years has there been a federal income tax. In the early days there were serious questions as to the policy and constitutionality of a federal income tax. The number of men who have at some time sought to evade the payment of this tax or another, or some part thereof, is legion. Even within the past decade some persons have built substantial public careers by willfully and deliberately refusing to pay federally imposed income or other types of taxes.
To say that one who knowingly fails to file a federal income tax return is base or vile or depraved is to misuse words. ■ Apparently, state courts in disciplinary proceedings against attor *549 neys at law most often have viewed the crime of tax evasion as one not necessarily involving moral turpitude. 59 A. L. E. (2d), 1398, 1401. In this connection, how is the respondent’s failure to file a federal income tax return on three occasions any more base, vile or depraved than his failure to file such return on a single occasion? Such conduct certainly does not involve any fraud.
Just how the previous standing and record of respondent or how our appraisal of his future conduct in the light of his past record affects in any respect a determination as to whether he was convicted of a crime involving moral turpitude escapes me. These factors may and should, however, be considered in determining the discipline to impose if, and only if, the respondent has committed or has been convicted of a crime involving moral turpitude.
I do not condone respondent’s conduct, but it would seem that the statutorily prescribed penalties for failure to file a federal income tax return are sufficient. Presumably Congress has determined that the penalties prescribed are adequate for the offense and sufficient to secure compliance with the law. There is no question that, in addition to the other tax penalties provided by law, the respondent should be punished after conviction, as he was, by criminal sentence.
Since in my opinion the crime of knowingly failing to file federal income tax returns pursuant to the requirements of Section 7203, Title 26, U. S. Code, does not involve those qualities of baseness, vileness, or depravity necessary to constitute moral (turpitude, there is no basis for indefinitely suspending respondent from his sole means of livelihood, the practice of law. As the complaint against the respondent involves no other charge of misconduct and the only evidence of misconduct presented consisted of certified copies of the information and judgments of the federal court against him, I would dismiss the complaint.
It is worthy of note that the crime for which this court indefinitely suspends the respondent from his profession and sole means of livelihood, when considered by the federal court, which had authority to impose a fine of $10,000 and a year in prison, or both, for each violation, was deemed to warrant a sentence, covering all three counts, of only $500 and three months in prison.